UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID A. CHRISTOPHER, | ) | CASE NO.   C07-0701-JCC |
| | ) | (CR03-0136-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner David A. Christopher, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1.) Petitioner asserts ineffective assistance of counsel in violation of the Sixth Amendment. Respondent opposes petitioner's motion to vacate. (Dkt. 9.)[1] This Court, having reviewed petitioner's § 2255 petition, all papers

---

[1] Petitioner asserts that respondent failed to serve its response on him and that this failure may be considered as an admission that his motion to vacate has merit pursuant to Local Civil Rule 7(b)(2). The issue of service is not entirely clear given that respondent's certificate of service states that the response was served on "attorney(s) of record for the defendant(s) . . . via telefax[.]" (Dkt. 9.) However, from a review of petitioner's reply to the response, it is apparent

REPORT AND RECOMMENDATION
PAGE -1

and exhibits in support and in opposition to that petition, and the balance of the record, concludes that petitioner's § 2255 petition should be denied.

## BACKGROUND

On January 19, 2003, a federal grand jury returned a six count indictment against petitioner. (*See* Dkt. 9, Ex. 1.) On August 20, 2003, petitioner plead guilty to a count of Manufacture of Methamphetamine (Count 2) and a count of Possession with Intent to Distribute Methamphetamine (Count 5) in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and (b)(1)(B). (Dkt. 9, Ex. 2.)

The plea agreement informed petitioner of the maximum penalties associated with Counts 2 and 5 – a maximum penalty of life imprisonment and a mandatory minimum sentence of ten years for Count 2, and a maximum penalty of forty years imprisonment and a mandatory minimum sentence of five years for Count 5. (*Id*. at 2-3.) It stated that petitioner understood that, in order to invoke those statutory sentences, the government "would have had to prove beyond a reasonable doubt at trial that the offense in Count two involved over fifty (50) grams of methamphetamine [and that the offense charged in Count 5 involved over five (5) grams of methamphetamine,]" and that defendant "waive[d] his right to require the United States to make this proof, and stipulate[d] that th[e] plea of guilty include[d] his acknowledgment that the offense[s] involved over fifty (50) grams [and over five (5) grams] of methamphetamine." (*Id*.) Petitioner indicated his understanding of these portions of the plea agreement in a Rule 11 hearing before United States Magistrate Judge Monica J. Benton. (*Id*., Ex. 4 at 5-7.)

---

that he did at some point receive the response and was able to timely submit his reply. (*See* Dkt. 14.) The suggestion as to an admission of merit should, therefore, be rejected.

In a stipulated statement of facts in the plea agreement, petitioner admitted, *inter alia*, that his "clandestine laboratory for the illicit manufacture of methamphetamine[]" had a "production capacity . . . in excess of 300 grams of methamphetamine[,]" that his "manufacture of methamphetamine included the unlawful transportation, treatment, storage and disposal of hazardous waste[,]" and that three firearms, ammunition, and a loaded magazine were found in his residence. (*Id.*, Ex. 2 at 5.) Petitioner admitted the truth of these facts in the Rule 11 hearing. (*Id.*, Ex. 4 at 11-12.)

The plea agreement also addressed the application of the United States Sentencing Guidelines (USSG), indicating a stipulation that the evidence supported a two-level enhancement pursuant to USSG § 2D1.1(b)(5)(A) because the offense involved the illegal handling of hazardous materials, and that the parties retained the right to argue at the time of sentencing the applicability of a two-level upward adjustment for the possession of a dangerous weapon under USSG § 2D1.1(b)(1). (Dkt. 9, Ex. 2 at 6.) Additionally, the government agreed to recommend no more than 120 months of confinement – the mandatory minimum sentence applicable – at the time of sentencing. (*Id.*)

Petitioner appeared for sentencing on January 30, 2004. After hearing argument, the Court rejected the application of the safety valve provision upon concluding that the weapons found at petitioner's residence were used in connection with the offense. *See United States v. Christopher*, CR03-0136-JCC (Dkt. 57). The Court sentenced petitioner to 120 months of imprisonment, followed by five years of supervised release. (Dkt. 9, Ex. 3.)

Petitioner appealed the judgment, questioning whether the sentencing enhancements were subject to the reasonable doubt standard, whether the district court improperly found that he

possessed the firearms in connection with the drug offense, and whether the district court erred in calculating the sentencing guidelines based on "actual" methamphetamine, rather than a mixture or substance of methamphetamine. The Ninth Circuit Court of Appeals affirmed the judgment on December 21, 2005. On May 15, 2006, the United States Supreme Court denied petitioner's writ of certiorari. Petitioner timely filed the instant petition on May 4, 2007.

## DISCUSSION

Petitioner argues the ineffective assistance of his trial counsel. He raises six different grounds for relief, described in detail below.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland*. Under that test, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 687-694.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice related to

01 counsel's performance.  The reviewing court need not address both components of the inquiry if

02 an insufficient showing is made on one component.  *Strickland*, 466 U.S. at 697.  Furthermore,

03 if both components are to be considered, there is no prescribed order in which to address them.

04 *Id.*

## Ground One

06 In his first ground for relief, petitioner argues that he received incorrect legal advice to

07 plead guilty to "nonexistent" formal elements of 21 U.S.C. § 841(a)(1).  He points to    *United*

08 *States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997), as holding that "[i]t has long been settled

09 that 'a guilty plea is an admission of all the elements of a formal criminal charge[]'"(quoted source

10 omitted), and the Ninth Circuit's subsequent decision in *United States v. Thomas*, 355 F.3d 1191,

11 1196-98 (9th Cir. 2004), which states:

> The district court instead relied on the guilty plea itself to establish the drug quantity allegation in the indictment. . . . Nevertheless, a defendant's due process *right* to be advised of the burden of proof for drug quantity does not translate into an *admission* of drug quantity when pleading guilty. . . .  We hold, therefore, that under *Cazares*, the district court erred in ruling that Thomas's guilty plea necessarily admitted the drug quantity allegation in the indictment.

16 He also points to the United States Supreme Court's decision in *Bousley v. United States*, 523

17 U.S. 614, 618-19 (1998), as holding that, where neither the defendant, nor his trial counsel

18 understood the essential elements of the crime charged, the plea would be constitutionally invalid.

19 Petitioner argues that neither he, nor his trial counsel understood that, under *Cazares* and *Bousley*,

20 he could only plead guilty to the "Unlawful Act" described in 21 U.S.C. § 841(a)(1) and that he

21 was misinformed as to the true nature of the charges against him and was induced to plead guilty

22 on patently erroneous advice that sentencing factors under 21 U.S.C. § 841(b)(1)(A)(viii) and 21

REPORT AND RECOMMENDATION
PAGE -5

01 U.S.C. § 841(b)(1)(B)(viii) are essential elements of the "Unlawful Act."

02   Respondent construes this ground as arguing that the sentencing factors in 21 U.S.C. § 841 03 are not lawfully part of that statute. It asserts that petitioner was convicted under a lawfully 04 enacted statute that explicitly states the nature of the offenses and the penalties for the unlawful 05 conduct.

06   As asserted by petitioner in his reply, respondent appears to misconstrue petitioner's 07 argument in his first ground for relief. In any event, for the reasons discussed below, this ground 08 for relief lacks merit.

09   In his plea, petitioner conceded his guilt as to the manufacture of methamphetamine and 10 possession of methamphetamine with the intent to distribute, both of which are "Unlawful Acts" 11 addressed in 21 U.S.C. § 841(a)(1). He further stipulated that his guilty plea included 12 acknowledgment that the offenses for which he was charged involved over fifty and five grams of 13 methamphetamine respectively, and conceded his understanding as to the statutory penalties for 14 these offenses, including up to ten years and five years of imprisonment respectively, as called for 15 in 21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C.§ 841(b)(1)(B)(viii). At the Rule 11 hearing, 16 petitioner admitted the "facts" associated with the charges – including the amounts of 17 methamphetamine involved. (*See* Dkt. 9, Ex. 4 at 5-7.)

18   Given petitioner's admission as to the facts involved in the charges brought against him, 19 this case is clearly distinguishable from the situation addressed in *Thomas*, 355 F.3d at 1197-99, 20 wherein the defendant "was never asked to admit and never admitted the quantity of drugs alleged 21 in the indictment[,]" and, in fact, expressly declined knowledge as to the quantity of drugs 22 involved. Indeed, *Thomas* addressed the question of "whether, *in the absence of an explicit*

REPORT AND RECOMMENDATION
PAGE -6

*admission at the plea colloquy*, a guilty plea encompasses only the elements of the offense or also all material facts alleged in the indictment." *Id*. at 1196 (emphasis added). In this case, there is no indication that either petitioner or his trial counsel were misinformed as to the true nature of the charges or otherwise proceeded under the impression that the sentencing factors constituted essential elements of the unlawful acts charged.

In sum, there is no evidence petitioner's counsel's performance fell below an objective standard of reasonableness with respect to the nature of the charges brought against petitioner. Accordingly, the Court recommends that this ineffective assistance of counsel claim be denied.

### Ground Two

In his second ground for relief, petitioner argues that he received incorrect legal advice to plead guilty to an offense that is not criminalized by Article III of the United States Constitution. However, as argued by respondent, the advice here suggested by petitioner would have been incorrect. Petitioner was convicted under a lawfully enacted statute that criminalizes manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. § 841(a)(1). There is no basis for concluding that petitioner was deprived of effective assistance of counsel in this respect and this ground for relief should also be denied.[2]

### Ground Three

In his third ground for relief, petitioner avers that his trial counsel failed to properly advise

---

[2] Petitioner also filed a Motion to Take Judicial Notice of Legislative Facts (Dkt. 15) associated with this ground for relief. For the same reason described above, this motion is hereby DENIED.

him as to the use of his prior state convictions in his federal criminal prosecution. In response, respondent notes that it did not seek to enhance, pursuant to 21 U.S.C. § 851 ("Proceedings to establish previous convictions "), the penalties associated with the charges contained in the indictment and that, instead, petitioner was charged and convicted pursuant to the mandatory minimum sentence associated with the charges. Moreover, the undersigned notes that petitioner's counsel did raise arguments regarding petitioner's criminal history in association with the request for the application of the safety valve provision, while the Court found it unnecessary to consider that history given its conclusion that the weapons found at petitioner's residence were used in connection with the offense. *See United States v. Christopher*, CR03-0136-JCC (Dkts. 38 & 57). Because there is no indication petitioner's prior state convictions were a factor in this case, petitioner fails to demonstrate that he was deprived of effective assistance of counsel in this respect and his third ground for relief should be denied.

<u>Ground Four</u>

Petitioner argues, in his fourth ground for relief, that he received incorrect legal advice as to the content of the plea agreement. He maintains that the handwritten phrase "approved as to form only" accompanying his trial counsel's signature on the agreement demonstrates that even his counsel did not agree with its content, and that the inclusion of this phrase shows that his trial counsel's performance was not of great benefit in assisting him with respect to the agreement. (Dkt. 9, Ex. 2 at 8.)

As argued by respondent, there is no support for the contention that petitioner was incorrectly advised as to the content of the plea agreement. Rather, petitioner's testimony at the Rule 11 hearing supports the conclusion that he understood the charges brought against him and

REPORT AND RECOMMENDATION
PAGE -8

01 the associated penalties. (*Id*., Ex. 4.) While it is unclear why petitioner's trial counsel added the

02 above-described phrase to his signature on the plea agreement, its mere existence does not

03 demonstrate his counsel's ineffective assistance. As such, petitioner's fourth ground for relief

04 should also be denied.

05 Ground Five

06 In his fifth ground for relief, petitioner argues that his trial counsel's performance was

07 deficient in failing to mitigate the purity of the methamphetamine at issue, noting that the

08 sentencing guidelines recognize various types, including Methamphetamine, Methamphetamine

09 (actual), and Ice. *See* USSG § 2D1.1. He avers that he relieved the government of its burden to

10 prove only the amount of drugs involved, not the purity, type, or quality of methamphetamine, and

11 that the "mixture" of methamphetamine at issue in this case carried only a five-year mandatory

12 minimum sentence. Petitioner argues that his trial counsel's performance at the sentencing hearing

13 fell below the range of competence demanded from criminal attorneys in his failure to mitigate the

14 purity of the methamphetamine at issue and that prejudice is presumed given that this failure

15 resulted in a markedly longer sentence.

16 Respondent asserts that the parties did, in fact, specify the type of methamphetamine at

17 issue when they referred to the substance as "methamphetamine," as opposed to a mixture or

18 substance of methamphetamine. It adds that this description is logical in considering that Count

19 2 involved the manufacture of methamphetamine. Respondent further notes petitioner's

20 concession both as to the mandatory minimum sentence associated with Count 2 and the fact that

21 the offense involved over 50 grams of methamphetamine, as well as his admission that the

22 manufacturing capacity of the laboratory at issue was 300 grams of methamphetamine – six times

the amount that would trigger the ten-year mandatory minimum. (*See* Dkt. 9, Ex. 2.)

As asserted by respondent, a plain reading of the plea agreement and Rule 11 hearing transcript reflect petitioner's admission as to the manufacture and possession with intent to distribute "methamphetamine." (Dkt. 9, Exs. 2 & 4.) There is no basis for concluding that petitioner conceded only the amount, but not the type of methamphetamine at issue. Consequently, there is also no basis for concluding that petitioner's trial counsel's performance at sentencing with respect to the type of methamphetamine at issue fell below an objective standard of reasonableness. Accordingly, this ground for relief should also be denied.

### Ground Six

Petitioner's sixth ground for relief avers his trial counsel's failure to mitigate at sentencing the wrongful applicability of a two-point enhancement for the unlawful transportation, treatment, storage or disposal of hazardous material under USSG § 2D1.1(b)(5)(A). Respondent asserts that, because petitioner did not qualify for the safety valve provision and was subject to a mandatory minimum sentence of 120 months, the two-level enhancement was of no consequence. Respondent further notes that defendant conceded in both the plea agreement and the Rule 11 hearing that the evidence supported this upward adjustment. (*See* Dkt. 9, Ex. 2 at 6 and Ex. 4 at 13-14.) For these same reasons, the undersigned concludes that petitioner fails to demonstrate his trial counsel's ineffective assistance in relation to the hazardous material enhancement and recommends that his sixth ground for relief be denied.

### CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's § 2255 motion be DENIED. No evidentiary hearing is required as the record conclusively shows that petitioner is

01 not entitled to relief.  A proposed Order of Dismissal accompanies this Report and
02 Recommendation.

03     DATED this 7th day of September, 2006.

```
                                       _____
                                       Mary Alice Theiler
                                       United States Magistrate Judge
```

REPORT AND RECOMMENDATION
PAGE -11