UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID A. CHRISTOPHER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C07-0701-JCC

ORDER

This matter comes before the Court on Petitioner's Motion to Request the Issuance of a Certificate of Appealability ("COA") (Dkt. No. 32), the Government's Response (Dkt. No. 34), and Petitioner's Reply (Dkt. No. 37).[1] Having reviewed the materials submitted by the parties and being fully informed, the Court hereby DENIES Petitioner's application for a COA and rules as follows.

I.    BACKGROUND[2]

In August 2003, Petitioner pleaded guilty in the Western District of Washington to Manufacturing Methamphetamine (count 2) and Possession with Intent to Distribute Methamphetamine (count 5) in

---

[1] Petitioner's Reply (Dkt. No. 37) was filed four days late. Nevertheless, the Court considered the Reply in making its ruling herein.

[2] The background facts of this case have been recounted at length in previous orders and will not be repeated here except as necessary to explain the Court's ruling.

ORDER – 1

violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) and (b)(1)(B). (Plea Agreement 1 (Dkt. No. 9-2 at 6).) After alleging certain defects in his sentence and losing his Ninth Circuit appeal, *see United States v. Christopher*, 159 F. App'x. 818 (9th Cir. 2005), and after the Supreme Court denied certiorari, *see Christopher v. United States*, 547 U.S. 1139 (2006), Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. (Dkt. No.1). In September 2007, the Court adopted United States Magistrate Judge Mary Alice Theiler's Report and Recommendation ("R&R") (Dkt. No. 21) finding that none of Petitioner's ineffective assistance of counsel claims had merit, and dismissed Petitioner's habeas petition in its entirety. (Order (Dkt. No. 26).) Petitioner now requests a COA on the same grounds he asserted in his habeas petition.

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioner must make an application for a COA in the district court before the Court of Appeals may act on a request for appellate review. 28 U.S.C. § 2253(c)(1). The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires petitioner to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (citing *Barefoot v. Estelle* 463 U.S. 880, 893 n. 4 (1983) (alterations in the original, internal quotation marks omitted)); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.   ANALYSIS

Petitioner argues that the Court should grant his request for a COA because reasonable jurists could debate whether his counsel's assistance was constitutionally ineffective. Petitioner points to the same six alleged errors that he identified in his habeas petition that were rejected by United States Magistrate Mary Alice Theiler and this Court.

To succeed on a Sixth Amendment challenge, Petitioner must satisfy a two-prong test

ORDER – 2

demonstrating that (1) counsel's performance was deficient, and (2) the deficiency prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To show deficient performance, Petitioner must demonstrate that his counsel's performance was not reasonable under the circumstances. *Id.* at 688. To show prejudice in guilty plea cases such as this, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues that reasonable jurists could debate whether his counsel's performance was deficient because Petitioner: (1) was misinformed as to the true nature of the charges against him; (2) was ill advised to plead guilty "to an offense that is not legally criminalized by the Judicial Power of the Article III of the United States Constitution"; (3) did not understand the significance of his prior state convictions in his federal criminal prosecution; and (4) failed to understand the content of the plea agreement as evidenced by counsel's notation on the plea agreement, "approved as to form only." (Mot. 8–19 (Dkt. No. 32).) Additionally, Petitioner alleges that trial counsel (5) failed "to mitigate the purity of Methamphetamine as a sentencing factor" under the Sentencing Guidelines, and (6) failed "to mitigate at sentencing the applicability of the two-point hazardous waste enhancement." (*Id.* at 19–22.)

Magistrate Judge Theiler found, and this Court adopted the finding, that all six of these claims were without merit, and that no evidentiary hearing was required, because "the record conclusively shows that petitioner is not entitled to relief." (R&R 10–11 (Dkt. No. 21).) The Court finds no evidence in Petitioner's motion for a COA that would prompt reasonable jurists to debate whether Petitioner's counsel provided constitutionally ineffective assistance to Petitioner. Accordingly, Petitioner's request for a COA is DENIED.

//

ORDER – 3

## IV. CONCLUSION

For the forgoing reasons, the Court hereby DENIES Petitioner's application for a Certificate of Appealability (Dkt. No. 32).

ORDERED this 20th day of March, 2008.

_____
JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

ORDER – 4